GOVIN *v.* DE MIRANDA *et al.*

(*Supreme Court, General Term, First Department.* February 18, 1892.)

EXAMINATION BEFORE ANSWER.

In an action to recover dower, defendant asked an order to examine plaintiff before answer, making affidavit that the nature of the defense was a denial that plaintiff was the widow of deceased. The affidavit further alleged on information and belief, that plaintiff was the mistress of deceased, but that she claimed there was a marriage contract in writing, made in the presence of witnesses; that plaintiff and deceased were natives of Cuba; and that it is very common in marriage contracts there to release all future claims on the husband's estate, in consideration of a present settlement. *Held,* that the affidavit disclosed no need of an examination for the purpose of drawing the answer, and that the same should be denied, as its only apparent purpose was to find out whether there was any defense to plaintiff's claim.

Appeal from special term, New York county.

Action by Luiz Diaz Govin against Luciana Govin de Miranda and others. to recover dower in her husband's real estate. Plaintiff appeals from an or-

der denying a motion to vacate an order for her examination before answer, Reversed.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Donohue, Newcombe & Cardozo,* for appellant.     *Raphael R. Govin, (Edward K. Jones,* of counsel,) for respondents.

VAN BRUNT, P. J.   This action was brought for the recovery of dower in lands of which her alleged husband died seised.   Before answer the defendant applied for an order to examine the plaintiff upon an affidavit in which the nature of the defense is stated to be a denial of the allegation that the plaintiff is the widow of the deceased, and therefore not entitled to dower. In this affidavit it is also alleged, upon information and belief, that the plaintiff was the mistress of the deceased, but that she claimed that a marriage contract in writing, in the presence of witnesses, was entered into between the deceased and herself, which was left with the deceased for safe-keeping, but that no such marriage contract was found among the papers of the deceased.   It is also averred, on information and belief, that the deceased and the plaintiff are natives of Cuba, although residents of this state for a part of the time, and that it is a very common provision in marriage contracts there that, in consideration of a present settlement, all future claims upon the husband's estate shall be released.   The court granted the order for the examination of the plaintiff concerning the matters stated in the affidavit, and such other matters as may be relevant to the proposed issues in the action.   Upon the return of this order a motion was made by the plaintiff to vacate the same, and an order was thereupon made limiting the same to an inquiry as to the nature and contents of the alleged contract of marriage referred to, and the facts and circumstances attending its execution, and from this order this appeal is taken.

It is clear that the defendant does not desire this examination to frame his answer, because it is stated that the nature of the defense is a denial of the allegation of the plaintiff that she is the widow of the deceased, and certainly no examination is needed to frame an answer setting up this defense.   But it is urged that an examination is needed to show the terms of the marriage contract, to ascertain whether there was not a waiver therein of claims upon the husband's estate, as is customary in Cuba.   The manifest answer to this claim is that this has nothing to do with the defense which is set forth in the affidavit, which is a denial of any marriage.   Furthermore, it is apparent that the examination is wanted in respect to this contract, not to enable the defendant to frame an answer, but to find out whether the defendant has any defense to the claim of the plaintiff.   Examinations of this character are never allowed for such a purpose.   The order appealed from should be reversed, with $10 costs and disbursements, and the order for examination vacated.